applied as between persons injured on the highway and the municipal corporation controlling the street, and it is said that the Appellate Division in this department has in effect so decided in the Corson Case, supra. I do not so interpret the decision. The fact of the happening or nonhappening of previous accidents may bear on the character of the defect and on the question of notice to the municipality. Where a situation is not unsafe in itself it may be continued without imputation of negligence. But where the condition is unsafe, the fact that individuals may fortunately escape injury is no excuse for its continuance. In the case at bar, the jury was told that if the accident was occasioned simply by reason of the fact that one stone was elevated over the other, simply because she tripped, she could not recover, and that it was only in case they found that the aperture or hole existed and caught plaintiff's foot, holding it fast and causing her to fall, that this condition was not reasonably safe, and that it had existed for the time charged—only on proof of these facts were they justified in deciding that the sidewalk was not reasonably safe. I am not prepared to say that a hole or aperture in a sidewalk into which the toe of a pedestrian's shoe may pass, sufficiently far to hold the foot fast, requiring force to remove it, is such a minor defect that reasonable and prudent men will not differ as to whether accident should have reasonably anticipated from its continuance. The jury have found the facts in favor of plaintiff, and I think the verdict must stand.

Motion denied.

---

### DI LORENZO v. DI LORENZO.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY.

> Where, in an action to annul a marriage because induced by false representations to the effect that defendant had been delivered of a child of whom plaintiff was the father, the jury found, against defendant's contention, that the representations were true, defendant was not entitled to a new trial, on the ground of newly discovered evidence showing that, if any representations were made, plaintiff was not deceived thereby.
>
> [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 203, 204, 218, 226.]

Appeal from Special Term, Kings County.

Action by Gregorio Di Lorenzo against Johanna Di Lorenzo. From an order denying a motion for a new trial, defendant appeals. Affirmed.

The following is the opinion of Justice Smith, at Special Term:

If the motion for a new trial on the ground of newly discovered evidence was not granted technically upon consent, it is at least true that it was made as a result of statements to the court by the plaintiff's attorney, by reason of which no serious consideration of the merits of the motion was given before the motion was granted. The motion for a reargument should be granted in order that the plaintiff should have his day in court, upon a motion of such great importance to himself and to others who have derived rights under him upon the faith of the judgment rendered in his favor.

The action was brought to annul the marriage between the parties, because the plaintiff claimed he was induced to give his consent thereto by the false representations made to him by the defendant, with whom he was living in illicit relations, that a child had been born to her of whom he was the father.

The defendant contended upon the trial, for the purpose of defeating plaintiff's cause of action, that there was no misrepresentation, because she was in fact delivered of a child, which was known by plaintiff to belong to him. The jury found against her upon this issue, and it was established by their verdict that no child was born to her. The defendant now makes the motion after final judgment against her in the Court of Appeals, on the ground that she has now discovered evidence which goes to establish the fact that the plaintiff, contrary to his sworn statement upon the trial, was living with her during the months immediately preceding the birth of the child, and, if any representation was made to him as to the fact she had a child born to her, he could not have been deceived thereby. The defendant did not make any serious effort to disprove plaintiff's statement upon the trial that he was not living with her for some time previous to the birth of the child for the obvious reason that she was relying upon the theory that there was actually a child. Having been defeated upon that theory, she, by her motion, in effect seeks an opportunity to shift her main ground of defense and place it upon the ground that, even if her first defense was false, and she actually had no child, the plaintiff should not succeed because of his stupidity in believing a representation made to him by her which he should have known was untrue. I do not think this shifting of position commends itself to the court, or would commend itself to the jury. In effect she claims that a jury should set their seal of approval upon her exceeding adroitness of deception. In view of the plaintiff's explanation of his signature in the receipt books of Cappa's Band, I doubt if much importance would be attached to the evidence by a jury. I am entirely confident it would not, and should not, change the result. The evidence is cumulative upon an issue litigated upon the trial, and could, with due diligence, have been produced upon the trial; and it would have undoubtedly been produced had not defendant then elected to defend upon an entirely different theory than would now be argued upon a retrial. I consider the application without merit; the necessary hazards and hardships of litigation are sufficiently burdensome at best. If such applications as this were to be seriously entertained, the administration of justice would justly cease to command respect.

Motion for reargument granted, and motion for new trial denied.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Hymes, Woytisek & Schaap (Edward Hymes, of counsel), for appellant.

Otto H. Droege, for respondent.

PER CURIAM. Order affirmed, without costs, upon the opinion of Mr. Justice Wilmot M. Smith, at Special Term.

---

## SENIOR v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

CARRIERS—STREET RAILWAYS—TRANSFER—OBLIGATION TO ISSUE—OPERATION AND CONTROL OF ROAD—WHAT CONSTITUTES.

Under Railroad Law, Laws 1890, p. 1113, c. 565, § 101, as amended by Laws 1897, p. 776, c. 688, relating to street surface railroads, and providing that no corporation constructing and operating a railroad under the provisions of this article, etc., shall charge any passenger more than five cents for one continuous ride from any point on its road, "or on any road, line or branch operated by it, or under its control," to any other point thereof, etc., and Railroad Law, Laws 1890, p. 1096, c. 565, § 39, imposing a penalty on any railroad corporation receiving more than the lawful rate of fare, etc., the operation or control of a road within the